AMON BUTLER, *as Sheriff of Lincoln County,* v. CASE & McNENY.

CHATTEL MORTGAGE—*Validity—Effect of Record—Rights of Mortgagee, not Waived.* S. & Co. executed chattel mortgages to the N. M. Co. to secure a *bona fide* debt. The N. M. Co. took possession of the mortgaged goods and placed them in charge of its agent, and also immediately recorded its mortgages. It then assigned to the plaintiffs the note and mortgages. A few days afterwards, the goods were attached by the sheriff, in actions against the N. M. Co. and S. & Co., and the goods were soon thereafter sold by order of the district judge. About three months after the attachment was levied, plaintiffs commenced this suit to recover the goods or their value. The trial court found in their favor. *Held,* That the record does not show either that the mortgages were fraudulent or void, or that the plaintiffs waived their rights by delay in enforcing them.

*Error from Norton District Court.*

ACTION by *Case & McNeny* against *Amon Butler,* sheriff, to recover certain goods. Judgment for plaintiffs. Defendant brings the case here. The opinion states the facts.

*L. H. Thompson,* for plaintiff in error.

*James McNeny,* and *John R. Hamilton,* for defendants in error.

The opinion of the court was delivered by

ALLEN, J.: This was an action of replevin without bond, brought by the defendants in error, as plaintiffs below, to re-

cover from the sheriff of Norton county a stock of groceries, taken by him under attachments issued in suits brought by the National Bank of Commerce of Kansas City against E. H. Smith & Co. and the Naponee Milling Company. The plaintiffs claimed the goods by virtue of two chattel mortgages given by E. H. Smith & Co. to the Naponee Milling Company to secure a note for $1,271.09. These mortgages were executed on the 29th day of December, 1888, recorded on the same day, and it was also claimed that possession of the mortgaged property was given at once to J. H. Smith, father of the members of the firm of E. H. Smith & Company, as the agent of the milling company. The note secured by these mortgages was transferred by indorsement to the plaintiffs by the milling company on the second or third day of January following its execution. The attachments were levied by the sheriff on the 9th of January following. On the 16th of January, the judge of the district court made an order for the sale of the attached property, and the goods were sold on the 28th of January. The petition in this case was filed on the 12th day of April, 1889, some time before judgment was rendered in either of the attachment suits. The errors claimed by the plaintiff in error are:

I. That the chattel mortgage executed by E. H. Smith & Co. to the Naponee Milling Company was fraudulent and void. We are unable to find any evidence in the record to support that claim. It is immaterial whether actual possession was taken by the agent of the Naponee Milling Company or not, as the mortgage was duly recorded, and the plaintiffs' rights as against creditors were not dependent on possession of the property. The question of actual fraud has little, if any, support in the testimony, and the finding of the trial court is conclusive against it.

II. It is claimed that if the Naponee Milling Company acquired any interest in the goods, that interest was taken by the attachment issued against the milling company. It is unnecessary to consider whether the mortgagee has an attachable interest in the mortgaged property before foreclosure or not,

for in this case the fact is undisputed that the note and mortgages were transferred to the plaintiffs before the attachment was levied, and the milling company at that time clearly had no interest in them.

III. It is claimed that Case & McNeny never had possession of the goods, either actually or constructively. It is immaterial whether they had or not, having a mortgage duly recorded.

IV. It is claimed that Case & McNeny waived their rights by their negligence and indifference in enforcing them. The foundation for this claim is, that Case & McNeny had notice of the attachment after the mortgage was transferred to them, and allowed the cases to proceed and the goods to be sold without any interference on their part. It also appears that they gave no notice of the transfer of the note and mortgages to J. H. Smith, who, it is claimed, was in possession of the goods as the agent of the milling company, and, in fact, did little or nothing to protect their rights until this suit was commenced. Do these facts estop the plaintiffs from asserting their rights? Their mortgage was on record. That was notice to all the world of its existence. If the property was in fact in possession of Smith, for them, the attachment by the sheriff was wrongful, and no duty rested on the plaintiffs to immediately assert their rights. The finding of the trial court being in favor of the plaintiffs, all doubtful questions are resolved in their favor. We think the findings of the court are fairly supported by the evidence, that the judgment is right, and it is affirmed.

All the Justices concurring.